UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SIRLEY JHOANNA TEJEDA
*as next friend of*
GIOSBANI DELGADO RODRIGUEZ,

                Petitioner,

v.

WARDEN, EDEN DETENTION CENTER,[1]

                Respondent.

No. 6:25-CV-00096-H

### NOTICE OF DEFICIENCY AND ORDER

Sirley Jhoanna Tejeda, a third-party, non-lawyer individual, filed a petition for writ of habeas corpus in the Dallas Division of this Court on behalf of an immigrant detainee confined in the Eden Detention Center. Dkt. No. 3. She paid the $5.00 filing fee. After reviewing the petition, the Dallas court transferred the petition to San Angelo because the Eden Detention Center lies within the jurisdictional boundaries of this Division. Dkt. No. 5.

The petition challenges the prolonged detention of Giosbani Delgado Rodriguez pending asylum proceedings, and Tejeda purports to represent Delgado Rodriguez's interests as next friend. Dkt. No. 3. Tejeda explains that Delgado Rodriguez is her partner and the father of her nine-month-old infant. *Id.* at 5. Delgado Rodriguez did not sign the petition, however. Nor is there any indication that Delgado Rodriguez consented to, or even knows about, the filing of

---

[1] Tejeda named the former Attorney General of the United States, former Secretary of Homeland Security, and former Acting Director of ICE as respondents along with the Warden of the Eden Detention Center. Dkt. No. 3. The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

this case. As explained below, this case cannot proceed as filed, but the Court will give Delgado Rodriguez an opportunity to pursue his claims on his own behalf.

1. **Legal Authority**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). And detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

The federal habeas statutes provide a limited avenue for next-friend standing, but it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

2. Analysis

Here, Tejeda is not a lawyer—or even a jailhouse lawyer—and she has no authority to file legal claims on behalf of other individuals. She has not demonstrated that Delgado Rodriguez is incapable of appearing on his own behalf. She asserts that Delgado Rodriguez "has started to experience memory loss, disorientation, and confusion" as a result of his continued detention. Dkt. No. 3. At 6. But she provides minimal details and stops short of suggesting that Delgado Rodriguez is incompetent or suffers from any other disability or incapacity. Moreover, she provided no evidence to support her statements. And although the Court trusts that Tejeda is attempting to act in the best interests of Delgado Rodriguez, her relationship as his partner alone does not entitle her to next-friend status. *See, e.g., State of Texas v. Prek on behalf of Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

3

Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). Delgado Rodriguez did not sign the petition, nor is there any suggestion that he is even aware of it. Simply put, Tejeda has not demonstrated that she is entitled to file a habeas petition on behalf of Delgado Rodriguez, nor does she have a right to remotely access information about this proceeding.[2] But Delgado Rodriguez has the right to pursue habeas relief on his own behalf or with the assistance of a licensed attorney.

### 3. Conclusion and Instructions

The Clerk is directed to change the caption of this case to reflect that the only proper petitioner is Giosbani Delgado Rodriguez, who is proceeding pro se. Tejeda will be removed as a party to the case. However, the case cannot proceed without any suggestion of interest from Delgado Rodriguez.

As a result, if Petitioner Delgado Rodriguez wishes to pursue these habeas claims, he must file an amended petition within 30 days. The amended petition must be signed. The Court cautions Delgado Rodriguez that an amended petition will supersede and replace the original petition, so he must include all applicable grounds for relief in the amended petition. **If Delgado Rodriguez fails to timely file an amended petition, the Court will dismiss this action for want of prosecution without further notice.**

The Clerk is directed to mail a copy of this order to Tejeda. But Tejeda will not receive any further notice of the proceedings here. The Clerk is also directed to mail Petitioner Delgado

---

[2] Tejeda delivered the pleading to the Clerk's Office in Dallas. She did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Although Tejeda lives in Irving, Texas, within the Northern District of Texas, her residence is more than 250 miles from the Courthouse in San Angelo. So even if Tejeda could legally represent the petitioner—which she cannot—from a practical perspective it would be difficult for her to prosecute this case.

Rodriguez a copy of the original petition filed here, Dkt. No. 3, and a blank Section 2241 form marked, "amended" and stamped with this cause number.

Dated December 8, 2025.

                                                              JAMES WESLEY HENDRIX  
                                                              United States District Judge